Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals

## FOR THE DISTRICT OF COLUMBIA CIRCUIT

————

Argued November 12, 2002        Decided February 25, 2003

No. 02-5234

DANNY B. STILLMAN,
APPELLEE

v.

CENTRAL INTELLIGENCE AGENCY, ET AL.,
APPELLANTS

————

Appeal from the United States District Court
for the District of Columbia
(No. 01cv01342)

————

*Mark B. Stern*, Attorney, U.S. Department of Justice, argued the cause for appellants. With him on the briefs were *Roscoe C. Howard, Jr.*, U.S. Attorney, *Gregory G. Katsas*, Deputy Assistant Attorney General, U.S. Department of Justice, and *Thomas M. Bondy* and *Douglas Hallward–Driemeier*, Attorneys.

————

Bills of costs must be filed within 14 days after entry of judgment. The court looks with disfavor upon motions to file bills of costs out of time.

*Mark S. Zaid* argued the cause and filed the brief for appellee.

*Mark H. Lynch* argued the cause for *amici curiae* American Civil Liberties Union of the National Capital Area and Public Citizen, in support of appellee. With him on the brief were *Arthur B. Spitzer*, *Stephen M. Block*, *Michael Tankersley*, and *Scott L. Nelson*.

*Roy W. Krieger* was on the brief for *amici curiae* M.K., et al., in support of appellee.

Before: GINSBURG, *Chief Judge*, and EDWARDS and GARLAND, *Circuit Judges*.

Opinion for the Court filed by *Chief Judge* GINSBURG.

GINSBURG, *Chief Judge:* The Government appeals an order of the district court granting Danny Stillman's attorney access to a manuscript written by Stillman and currently under classification review by the Department of Defense (DOD) and the Central Intelligence Agency (CIA). We hold that the district court abused its discretion by deciding unnecessarily the constitutional question whether Stillman has a right under the First Amendment for his attorney to be given access to the manuscript. Accordingly, we reverse and remand this case to the district court for further proceedings.

## I. Background

Stillman, a former employee of the Los Alamos National Laboratory, wrote a book about China's nuclear weapons program. As a condition of his employment at Los Alamos, Stillman had signed several nondisclosure agreements that required him to present the manuscript to the Government for prepublication review in order to determine whether it contained classified information. The Government informed Stillman in October 2000 that the manuscript did contain classified information and that it would not approve the manuscript for publication.

Stillman then filed a lawsuit in the district court alleging that various agencies, including the DOD and the CIA, had

violated his rights under the First Amendment to the Constitution of the United States by refusing to authorize publication of his manuscript. Stillman's counsel, Mark S. Zaid, asked the Government to give him access both to the classified portions of the manuscript and to the Government's classified pleadings so he could challenge the classification decision as incorrect. The Government denied Mr. Zaid access on the ground that he did not "need to know" the information, as required by Executive Order 12958, which governs the classification and dissemination of national security information. *See* 60 Fed. Reg. 19825 (Apr. 17, 1995), *reprinted at* 50 U.S.C. § 435 (note). Mr. Zaid then filed a motion to compel the Government to give him access to the disputed materials.

The district court, in order to avoid determining the underlying classification issue, assumed for the purpose of the motion to compel that information in the manuscript was properly classified as "Secret." That designation applies to "information, the unauthorized disclosure of which reasonably could be expected to cause serious damage to the national security that the original classification authority is able to identify or describe." Exec. Order 12958 § 1.3(a)(2).

Proceeding upon the assumption that the information in the manuscript was properly classified "Secret," the district court held that denying Mr. Zaid access to the manuscript violated Stillman's rights under the First Amendment because that denial was not narrowly drawn to serve the Government's concededly compelling interest in preserving national security. (The district court dismissed as premature the motion to compel with respect to the classified pleadings; the Government had not yet filed any classified pleadings.) The district court then ordered the Government to conduct the requisite background check on Mr. Zaid in order to determine whether he could be trusted with access to the classified manuscript. The Government did so and found that Mr. Zaid was trustworthy. The Government then appealed the decision of the district court.

## II.  Analysis

The district court abused its discretion by unnecessarily deciding that a plaintiff has a first amendment right for his attorney to receive access to classified information where such access is needed to assist the court in resolving the plaintiff's challenge to the classification.  "A fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them."  *Lyng v. Northwest Indian Cemetery Protective Ass'n*, 485 U.S. 439, 445 (1988); *see United States v. Rostenkowski*, 59 F.3d 1291, 1302–03 (D.C. Cir. 1995).  In this case the district court would never have to reach the constitutional question if it could determine without the aid of plaintiff's counsel whether the disputed portions of the manuscript were properly classified.

If the Government classified the information properly, then Stillman simply has no first amendment right to publish it.  As the Supreme Court said in *Snepp v. United States*, 444 U.S. 507, 510 n.3 (1980) (citations omitted):

> When Snepp accepted employment with the CIA, he voluntarily signed the agreement that expressly obligated him to submit any proposed publication for prior review. . . .  Moreover, this Court's cases make clear that – even in the absence of an express agreement – the CIA could have acted to protect substantial government interests by imposing reasonable restrictions on employee activities that in other contexts might be protected by the First Amendment.  The Government has a compelling interest in protecting both the secrecy of information important to our national security and the appearance of confidentiality so essential to the effective operation of our foreign intelligence service.  The agreement that Snepp signed is a reasonable means for protecting this vital interest.

If, on the other hand, the information was not classified properly, then Stillman may publish the manuscript.  In

either of these cases the district court would not have to resolve the question whether vindication of Stillman's first amendment rights requires giving his attorney access to a currently classified manuscript when a court is in doubt about the correctness of the classification. This is not to say that it is necessarily easier for a court to evaluate a classification decision than it is to resolve a constitutional question. Ease of resolution is simply not the relevant criterion for determining the precedence of issues.

Precisely because it is often difficult for a court to review the classification of national security information, "[w]e anticipate that *in camera* review of affidavits, followed if necessary by further judicial inquiry, will be the norm." *McGehee v. Casey*, 718 F.2d 1137, 1149 (D.C. Cir. 1983). Here, however, the district court did not wait to evaluate the pleadings and affidavits to be submitted by the Government in defense of its classification decision. Rather, the court plunged ahead to resolve the constitutional question.

Therefore, we remand this case to the district court to determine first whether it can resolve the classification ex parte. The district court should first inspect the manuscript and consider any pleadings and declarations filed by the Government, as well as any materials filed by Stillman, who describes himself an "expert in classification and declassification." The court should then determine whether it can, consistent with the protection of Stillman's first amendment rights to speak and to publish, and with the appropriate degree of deference owed to the Executive Branch concerning classification decisions, resolve the classification issue without the assistance of defense counsel. If not, then the court should consider whether its need for such assistance outweighs the concomitant intrusion upon the Government's interest in national security. Only then should it decide whether to enter an order granting Mr. Zaid access to the manuscript and, if similarly necessary, to the Government's classified pleadings and affidavits. If the court enters such an order, then the Government may appeal and we will have to resolve the constitutional question.

### III.   Conclusion

For the foregoing reasons, the order of the district court is reversed and the case is remanded to that court for further proceedings consistent with this opinion.

*It is so ordered.*